BENÍTEZ HERMANOS v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Humacao.

No. 81.—Decided February 17, 1911.

COMMISSION—PATRIA POTESTAS—CANCELLATION OF ENCUMBRANCES.—In the case at bar a mother, with the *patria potestas* of her infant daughter, executed a power of attorney conferring upon a third person, among other powers, the following: "Second: To collect and receive all moneys owing to the

said minor, accepting in payment thereof real and personal property, securities, stock and bonds of every kind and class; to pay her debts and sign and issue all acquittances, receipts, deeds, and such other documents as may be necessary.'' This power of attorney was considered ineffective by the registrar, and an appeal having been taken from his decision, it was *Held:*

> (*a*) That this clause is valid and effective in law, and does not involve a renunciation of the *patria potestas,* nor contravene any legal provision, since the mother, making use of and exercising the rights which she possesses by reason of the *patria potestas,* may confer powers on a third person, as her representative, to execute such acts as those set forth in the clause above transcribed.

> (*b*) That the mother, with the *patria potestas* of her child, may cancel an encumbrance constituted in favor of the minor, without the necessity of judicial authorization; but inasmuch as such a cancellation constitutes an alienation, since the creditor thereby relinquishes a right to real property, the attorney in fact must be given express authority so to do, and such express authority is not conferred by the clause of the power of attorney transcribed above.

The facts are stated in the opinion.

*Mr. Luis Muñoz Morales* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public deed executed in the city of San Juan, before Notary Manuel Rodríguez Serra, on June 18, 1907, Louisa Luchetti, as the mother and with the *patria potestas* of her minor daughter, Madeleine Luchetti, conferred a power of attorney upon Sosthenes and Hernand Behn, empowering either of them, without distinction, to manage and dispose of the property and rights belonging to the said minor, and, among other powers, conferring upon them that expressed in the following clause:

"Second. To collect and receive all moneys owing to the said minor, accepting in payment thereof real or personal property, securities, stocks, and bonds of every class and kind; to pay her debts and sign and issue all acquittances, receipts, deeds, and such other documents as may be necessary."

By virtue of the power of attorney above mentioned, Hernand and Sosthenes Behn, in their own behalf and as the attorneys in fact of Louisa Luchetti, as the mother with *patria potestas* of her minor daughter, Madeleine Luchetti, on Octo-

ber 3, 1910, executed before the notary, Julio César González, of this city, a release and cancellation of mortgage in favor of the firm of Benítez Hermanos, domiciled in the Island of Vieques, upon the payment by the said firm of the sum of $20,000, representing one of the matured instalments of the price of $130,000 for which Hernand and Sosthenes Behn and Louisa Luchetti, representing her minor daughter, Madeleine, under judicial authorization, sold to Benítez Hermanos an estate situated within the municipal district of Vieques.

The said instrument of release and cancellation having been presented for record at the Registry of Property of Humacao on October 3, 1910, together with a certified copy of the power of attorney executed July 18, 1907, the registrar refused to record the cancellation of the mortgage in respect to the portion of the instalment which belonged to the minor, Madeleine Luchetti, setting forth his reasons therefor in the following language:

"The partial cancellation to which this document refers having been made in respect to the portion of the instalment belonging to Hernand and Sosthenes Behn in volume 11 of Vieques, at folio 78, property No. 342, duplicate, 8th record, the said cancellation is denied in respect·to the portion of the credit belonging to the minor, Madeleine Luchetti, because she has not been represented properly in the execution thereof, inasmuch as Hernand and Sosthenes Behn appear in the name and as the attorneys in fact of Louisa Luchetti as the mother with *patria potestas* of her minor daughter, under the power of attorney conferred upon them in the instrument of June 18, 1907, executed before Notary Manuel Rodríguez Serra, of San Juan, empowering them or either of them, without distinction, to manage and dispose of the property and rights belonging to the said minor. Doña Louisa Luchetti is not expressly authorized by law to confer such a full and general power of attorney, because otherwise the father or mother of a child who cannot renounce the *patria potestas,* according to the judgment of the Supreme Court of Spain of October 22, 1891, concerning the appointment of guardians, could, by the appointment of an attorney in fact, free himself or herself from responsibility and avoid the direct fulfilment of the obligations which the law, founded upon the requirements of human nature, imposes upon them with respect to the persons and the property of their unemancipated chil-

dren, who, in such a case, would be under the guardianship and custody of a stranger. This aside from the fact that the aforesaid power of attorney does not confer any express authority to cancel mortgages. And a cautionary notice, effective for 120 days, is entered in accordance with the provisions of the law in the same volume and at the same folio and estate above mentioned, entry letter A. Humacao, December 12, 1910. The Registrar, Miguel Planellas.''

An appeal was taken from this decision of the registrar by the firm of Benítez Hermanos praying for the reversal thereof and that the partial cancellation of the mortgage denied be ordered recorded.

From an examination of the above-quoted clause of the power of attorney, which is the only clause pertinent to this case, and disregarding the other clauses contained therein, we are of the opinion that it is good and effective in law, because it does not involve any renunciation of the *patria potestas* over her daughter, Madeleine, on the part of Louisa Luchetti, nor does it contravene any legal provision whatsoever.

The judgment of the Supreme Court of Spain of October 22, 1891, holds that a mother with *patria potestas* cannot renounce the administration of her child's property;. but this doctrine does not prevent the mother, in the use and exercise of the rights pertaining to *patria potestas,* from conferring powers upon a third party who, acting as her representative, executes such acts as those set forth in the clause above quoted. The agent in that case does not act in his own name, but for the account or at the request of his principal, according to the provisions of section 1611 of the Civil Code. But does that clause of the power of attorney empower Hernand and Sosthenes Behn to effect the partial cancellation of the mortgage in so far as it concerns the minor, Madeleine Luchetti? We think not. Section 1615, subdivision 2, of the Civil Code, reads as follows:

''In order to compromise, alienate, mortgage, or to execute any other act of strict ownership, an express commission is required.''

The cancellation of a mortgage constitutes an alienation, because the creditor thereby relinquishes a property right in real estate, and therefore it cannot be accomplished without express commission therefor.

The General Directorate of Registries of Spain confirms this doctrine in its decision of September 22, 1879, wherein it holds that acts or contracts, by virtue of which property rights in real estate are extinguished or canceled, amount to an actual alienation and should be distinguished from those referring to the collection of money and the issuance of proper receipts therefor.

Louisa Luchetti, as mother with *patria potestas* over her daughter, Madeleine, could, according to section 229 of the Civil Code, as amended by the act approved March 14, 1907, cancel the property right constituted by the appellant firm in favor of the said minor without the necessity of judicial authorization therefor; but her attorneys in fact, Hernand and Sosthenes Behn, must be given express commission to effect that cancellation, according to section 1615 of the Civil Code, and as the power of attorney presented herein does not contain such express commission, we think that for this reason the decision of the Registrar of Property of Humacao, refusing to record the deed of October 3, 1910, in so far as it relates to Madeleine Luchetti, is in accordance with the law.

For the foregoing reasons the decision of the Registrar of Property of Humacao, of December 12 of the year last past, should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.